IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FRANK CHARLES WALKER, | ) | |
| ID # 1145915, | ) | |
|     Petitioner, | ) | |
| vs. | ) | No. 3:05-CV-2390-K (BH) |
| | ) | ECF |
| NATHANIEL QUARTERMAN, Director, | ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal | ) | |
| Justice, Correctional Institutions Division, | ) | |
|     Respondent. | ) | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

Petitioner, an inmate currently incarcerated in Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his Dallas County conviction for robbery in Cause No. F02-26029-LS. Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

On January 15, 2003, petitioner was convicted of robbery, and he received a seventy-year sentence. On October 14, 2003, the court of appeals affirmed his conviction. On April 28, 2004, the Texas Court of Criminal Appeals refused his petition for discretionary review. On January 6, 2005, petitioner filed a state petition seeking habeas relief, which the Texas Court of Criminal Appeals denied on February 9, 2005.

Petitioner filed the instant federal petition for writ of habeas corpus on December 5, 2005, the date this Court received it.[1] He claims that he is being held unlawfully due to (1) prosecutorial misconduct; (2) insufficiency of the evidence; (3) ineffective assistance of counsel during voir dire; and (4) abuse of discretion by trial court. The Court twice sent petitioner questionnaires regarding various filing dates related to the instant petition. After receiving answers to the questionnaires, the Court, on January 29, 2007, ordered respondent to file an answer to the petition. Petitioner subsequently filed a response to that order which shows that he is not entitled to the prison mailbox rule. Consequently, the Court hereby **VACATES** the Order of January 29, 2007, and *sua sponte* considers the timeliness of this action.

## II. STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because petitioner filed the instant petition after its effective date, the Act applies to his petition.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was pre-

---

[1] Petitioner has recently informed the Court that in February 2005, he mailed his federal writ to his father through the prison mail system. He concedes that he did not use the system in place for legal mail. Consequently, petitioner does not receive the benefit of the prison mailbox rule, which deems a paper filed by an inmate to be filed as of the date he or she places it in the prison mail system for mailing to the Court. *See* Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts.

vented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition. Nor does he base his petition on any new constitutional right under subparagraph (C). Thus, as § 2244(d)(1) relates to this case, the Court will calculate the one-year statute of limitations from the latest of (A) the date petitioner's judgment of conviction became final or (D) the date on which he knew or should have known with the exercise of due diligence the facts supporting his claims.

In this instance, petitioner appealed his conviction; the Texas Court of Criminal Appeals refused his petition for discretionary review on April 28, 2004; and petitioner filed no petition for writ of certiorari. In such cases, the state judgment of conviction becomes final for purposes of § 2244(d) by the expiration of the ninety-day time frame for seeking further review after the Texas Court of Criminal Appeals refused the petition for discretionary review – in this instance on July 27, 2004. *See Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003) (holding that, when the petitioner has halted the review process, "the conviction becomes final when the time for seeking further direct review in the state court expires" and noting that the Supreme Court allows ninety days for filing a petition for certiorari following the entry of judgment); SUP. CT. R. 13.

With regard to subparagraph (D), the Court determines that the facts supporting the claims raised in the instant petition became known or could have become known through the exercise of

3

due diligence prior to the date petitioner's judgment of conviction became final on July 27, 2004. At trial, petitioner would have known the factual bases for his claims.

Because petitioner filed the instant federal petition more than one year after his conviction became final, a literal application of § 2244(d)(1) renders the filing untimely.

### III.  TOLLING

The AEDPA expressly and unequivocally provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection.*" 28 U.S.C. § 2244(d)(2) (emphasis added).  Thus, the clear language of § 2244(d)(2) mandates that petitioner's time calculation be tolled during the period in which he had a relevant state habeas application pending before the Texas state courts.  *See also Henderson v. Johnson*, 1 F. Supp. 2d 650, 652 (N.D. Tex. 1998) (holding that the filing of a state habeas application stops the one-year period until ruling on state application).

When petitioner filed his state petition on January 6, 2005, he had used just over five months of the year he had to file his federal petition.  Nevertheless, the filing of his state petition tolled the statute of limitations until the Texas Court of Criminal Appeals denied the writ on February 9, 2005. The AEDPA clock began to run again on February 10, 2005, and the time remaining in petitioner's one-year time period for filing a federal petition expired approximately seven months later, well before he filed the instant petition in December 2005.  Accordingly, the statutory tolling provision does not save the instant federal petition.  Further, petitioner presents nothing that indicates that rare and exceptional circumstances warrant equitable tolling.  *See Scott v. Johnson*, 227 F.3d 260, 263

4

(5th Cir. 2000) (recognizing that statute of limitations is subject to equitable tolling). His claim that he mailed his federal writ to his father instead of to the Court does not meet this standard. The instant action thus falls outside the statutory period and should be deemed untimely.

## IV.  RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court find the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 barred by statute of limitations and **DENY** it with prejudice.

**SIGNED this 22nd day of March, 2007.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE